IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

D'ANDRE BRADDY,

    Plaintiff,

v.                                                     CASE NO. 4:12-cv-490-SPM-GRJ

STATE OF FLORIDA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C § 1983 ("complaint").  Plaintiff, currently incarcerated at the Leon County Jail, has also filed for leave to proceed as a pauper.  (Doc. 2.)  This case is before the Court for screening pursuant to 28 U.S.C. § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C § 1915(e)(2).  For the reasons discussed below, it is **RECOMMENDED** that the case be **DISMISSED** for failure to state a claim upon which relief may be granted.

## Plaintiff's Allegations

Plaintiff's claims stem from his Leon County conviction for dealing in stolen property and other charges, for which he was sentenced in January 2009 to 3 years imprisonment.  Plaintiff was released from that sentence on July 1, 2011, according to

the DOC website. Plaintiff alleges that he was illegally sentenced, that the trial court erred in explaining to the jury the elements of the charges, had ineffective assistance of counsel, and was deprived of his freedom for three years due to these errors. Plaintiff has named as defendant the State of Florida. Plaintiff seeks financial compensation for his 3 years of incarceration, which he calculates to be $617,395.00. (Doc. 1.)

### Heck v. Humphrey

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).

Plaintiff's contention that he received ineffective assistance of counsel and the trial court erred in instructing the jury necessarily implies the invalidity of the conviction. Absent expungement or invalidation of that conviction, Plaintiff's claims are barred by *Heck*. Plaintiff does not allege that he has pursued any state court remedies and does not allege that his conviction or sentence has been reversed, declared invalid, or called into question by a federal habeas court. (Doc. 1.) Accordingly, because Plaintiff is implying the invalidity of his conviction in the absence of expungement or invalidation of

that conviction, his claims are barred by *Heck.* Notwithstanding the *Heck* issue, it also appears that Plaintiff has failed to exhaust any state court remedies.

## Conclusion

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Such dismissal should be without prejudice to Plaintiff re-filing the claims in the event that his conviction is expunged or invalidated.[1]  Plaintiff's motion for leave to proceed as a pauper (Doc. 2.) is **GRANTED** for the limited purposes of screening this claim.

**IN CHAMBERS**  this 25th day of September 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Plaintiff is advised that should the instant recommendation that his suit be dismissed for failure to state a claim be adopted, it will count as a "strike" under the three-strikes bar of 28 U.S.C. § 1915(g).  This provision provides that if a prisoner has three or more prior civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, he is prohibited from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  A prisoner who is no longer entitled to proceed in forma pauperis must pay the full filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).